# Michael Mann
## v.
# City of Elgin.

*Real Property—Purchaser of Lot, Bound by Description in Deed—Estoppel—Obstruction of Street—Ordinance—Time.*

1.  The purchaser of a lot is bound by the description contained in his deed, and is estopped from claiming more land than is therein described, or the plat as rec )rded showed to be free from an adjoining street, or that he knew or by reasonable inquiry might have known was not in the street.

2.  Where a street or highway is dedicated by an individual to the public, and it appears beneficial and necessary to the public, acceptance will be presumed from slight circumstances.

3.  In the case presented, the evidence shows that the defendant knew that one-half of a certain street was on the lot purchased by him.

[Opinion filed December 9, 1887.]

In error to the Circuit Court of Kane County; the Hon. C. W. Upton, Judge, presiding.

Mr. Frank Crosby, for plaintiff in error.

Messrs. Botsford & Wayne, for defendant in error.

Lacey, J.   This was a suit commenced before a Justice of the Peace by appellee against appellant for violating an ordinance of the appellee in relation to the obstruction of streets.

The appellant, in the Circuit Court on trial, was fined in the sum of $100.  The cause was tried by a jury.  One P. J. Kimball, Jr., was the owner of the premises on which the division of the city was afterward laid out, and one Jenne owned the land adjoining on the north.  Kimball platted the land into lots and blocks with the necessary streets, leaving a street on the north three rods wide, and by agreement with Jenne one-half the width was on Jenne's land.  The addition laid out was named and called P. J. Kimball, Jr.'s, 3d addition to Elgin, and a plat of it as recorded is as follows:

The street on the north was called North Division Street, and is the one that appellant is charged with obstructing. The original plat had no course or distance of North Division Street marked on it, but it had the width marked on it in several places, and also dotted lines running longitudinally through its center, marking the south line of Mrs. Jenne's land and the north line of P. J. Kimball, Jr.'s, land, and showing half the street to be on each; and as showing how wide the street was on each side of the dotted line, it was on the original map marked 37½ links.

The obstruction complained of was the moving by appellant of his fence, north from the south line, as shown by the map, some 36 or 37 links to about the center of the street along its whole width.

The map showing the premises as represented by the original plat is hereto attached and showing it as now fenced.

Mann v. City of Elgin.

One Knott owns the property immediately east in the same division, as will be seen by reference to the above plats, and about twenty years ago fenced it up, putting his north line fence on the south line of the street as platted off by the original plat, leaving $37\frac{1}{2}$ links or $1\frac{1}{2}$ rods of the width of the street south of Jenne's south line. There it has remained ever since. About seventeen years before the commencement of this suit, appellant having purchased his property from John Waite, who claimed through conveyances from Kimball, (appellant's deed bearing date May 14, 1868,) fenced it, setting his north fence on a line running west with that of Knott, leaving half of the width of the street on the Kimball addition, and one-half on Jenne's land, as the plat shows it was laid out.

The public had for seventeen years used and occupied the street as claimed by appellee. The appellant himself swears the travel has been confined to the street limits as now claimed for seventeen years.

The map, however, showed that the width of appellant's lot north and south was 5.87 chains, which, if it was of that width, would just about take the portion of the street as laid out by the map that was on Kimball's land. Discovering this

fact, it appears, was the occasion of appellant moving his fence north into the street. It was evidently a mistake of the surveyor and platter of the map in not taking from the land the one-half the street left, and shown by the plat. The appellant moved his fence into the street, as it is claimed, so as to take in the strip of land claimed to be a portion of North Division Street, just before this suit was commenced.

It is objected that the mapping was not in compliance with the statute, and as to a portion of the signers, not properly signed, and hence the street was not legally conveyed to the public. We will not stop to inquire into that question, as we think the case can be disposed of without it. It appears that the deed from Waite to appellant conveyed to him the property by the following description, viz.: "Lot 3, Block 26, P. J. Kimball, Jr.'s, 3d Addition to Elgin as laid out and recorded." The appellant is bound by this deed and estopped from claiming any more land than the deed describes, or the plat as recorded showed was free from the street, or that appellant knew or might by reasonable inquiry have known was not in the street. At all events he must have known that $37\frac{1}{2}$ links was reserved on the north side as a street. He built his fence accordingly and never claimed differently for over seventeen years.

The jury had a right to find from the circumstances that he had seen the original map, and seen the dotted lines and the width of the street marked thereon, also showing that half of the street was on lot 3. Mrs. Jenne had moved her fence north, leaving half the street.

The jury had abundant evidence for finding that there was half the street on his lot 3, and that he knew it at the time of his purchase. Under these circumstances he would be estopped from claiming to own any portion of the street, notwithstanding his lot did not hold out in width. Kimball, without doubt, intended to dedicate this strip of land, $37\frac{1}{2}$ links wide, on the north line of his division, to the public for the purposes of a street.

All concurred, Kimball, Waite and appellant, in recognizing the rights of the public for seventeen years, and the public

traveled and used the street for all the purposes of a street for that length of time. It does not appear that the street needed any repairs requiring the expenditure of money on it. Hence the only way the public could manifest its acceptance would be by using it for the purposes of travel, which it did. Where a street or highway is dedicated by an individual to the public, and such appears beneficial and necessary, as in this case, acceptance on the part of the public will be presumed from slight circumstances. There is abundant evidence in the record from which the jury might find an acceptance on the part of the public.

The map on which appellant's claim to title rests shows that lot 3 did not embrace the 37½ links in width on the north side, and that was reserved for the purposes of a street.

If the map had not been definite enough, from which alone the land described therein could have been located, but the grantor had gone on the land and located it by the aid of the map and the grantor, such location would be binding on both parties, and the deed would have been good as to such location. By some means appellant ascertained what the proper location was, as appears from the way he fenced it, leaving out half the street; besides, the very map his lot is described by in his deed shows a street on the north, and the original map shows the width and the dividing line between Jenne and Kimball, Jr.

The jury, as we think, was fully justified in finding a verdict for appellee. The judgment is, therefore, affirmed.

*Judgment affirmed.*